UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GORDON LEE BAUM AND COUNCIL OF CONSERVATIVE CITIZENS, <br><br> Plaintiffs, <br><br> vs. <br><br> MAPLEWOOD CITY LIBRARY, CITY OF UNIVERSITY CITY PUBLIC LIBRARY, VALLEY PARK COMMUNITY LIBRARY AND FESTUS CITY LIBRARY, <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No.: 4:06CV00453 CDP ) ) ) ) ) ) ) |

## DEFENDANTS MAPLEWOOD CITY LIBRARY AND UNIVERSITY CITY PUBLIC LIBRARY'S ANSWER TO PLAINTIFFS' COMPLAINT

COME NOW defendants Maplewood City Library and University City Public Library, by and through counsel, and for their Answer to plaintiffs' Complaint, and state as follows:

### JURISDICTION, VENUE AND FACTS COMMON TO ALL COUNTS

1. Defendants admit that plaintiffs invoke the jurisdiction the United States District Court and have brought this action under 42 U.S.C §1983, and the First and Fourteenth Amendments to the U.S. Constitution.

2. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 2, and therefore deny same.

3. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 3, and therefore deny same.

4. Admitted.

5. Admitted.

00207251.DOC;1

6. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 6, and therefore deny same.

7. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 7, and therefore deny same.

8. Defendants admit that Maplewood City Library and City of University City Public Library offer the availability of internet terminals to their patrons, subject to the limitations of and compliance with the Federal Children's Internet Protection Act and any other applicable federal, state or local mandates. Defendants deny the remaining allegations contained in paragraph 8.

9. Defendants Maplewood City Library and City of University City Public Library admit that certain filters are installed on their public access computers in order to comply with the Federal Children's Internet Protection Act. Defendants deny the remaining allegations contained in paragraph 9.

10. Denied as phrased.

11. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11, and therefore deny same.

12. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 12, and therefore deny same.

13. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 13, and therefore deny same.

14. Denied as phrased.

15. Denied as phrased.

16. Denied as phrased.

17. Denied as phrased.

18. Denied as phrased.

19. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 19, and therefore deny same.

20. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 20, and therefore deny same.

## COUNT I – DECLARATORY JUDGMENT

1. Denied.

2. Denied.

## COUNT II – PRELIMINARY INJUNCTION

1. Denied.

2. Denied.

3. Denied.

## COUNT III – PERMANENT INJUNCTION

1. Denied.

2. Denied.

3. Denied.

## AFFIRMATIVE DEFENSES

1. For further answer and affirmative defense, plaintiffs' Complaint fails to state a cause of action or a claim upon which relief can be granted against these defendants.

2. For further answer and affirmative defense, plaintiffs' Complaint against these defendants is barred by the Doctrine of Qualified Immunity.

3. For further answer and affirmative defense, and pled in the alternative, defendants' decision to filter internet access through blocking software was reasonable, in light of the Federal Children's Internet Protection Act which prohibits children access to internet websites which might be deemed to contain harmful material.

4. For further answer and affirmative defense, defendants deny that plaintiffs are entitled to any declaratory judgment requested in their Complaint, and further state that plaintiffs' relief for declaratory judgment fails to state a claim upon which relief can be granted against these defendants.

5. For further answer and affirmative defense, defendants deny that plaintiffs are entitled to any injunctive relief requested in their Complaint, and further state that the relief requested plaintiffs is moot as defendants' internet terminals allow access to plaintiffs' website and any alleged threat of irreparable harm to plaintiffs, which these defendants deny, no longer exists, that the granting of injunction would inflict a far great harm to defendants than to plaintiffs and plaintiffs are unable to prove succees on the merits.

WHEREFORE, having fully answered plaintiffs' Complaint, defendants Maplewood City Library and University City Public Library move the Court to dismiss plaintiffs' Complaint against them, to award their costs and fees expended herein, and for such other and further relief as the Court deems just and proper.

*/s/ Peter J. Dunne*
Peter J. Dunne   #31482
Federal Registration No. 3025
Jessica L. Liss   #51331
Federal Registration No. 93685
RABBITT, PITZER & SNODGRASS, P.C.
Attorneys for Defendants Maplewood City
Library and University City Public Library
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@rabbittlaw.com, liss@rabbittlaw.com

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 12th day of May, 2006 to be served by operation of the Court's electronic filing system upon:

Mr. Robert Herman
Schwartz and Herman
621 N. Skinker
St. Louis, MO  63130
Attorney for plaintiffs

*/s/ Christine Skaggs*

/Skaggs

00207251.DOC;1