IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GORDON LEE BAUM and COUNCIL OF CONSERVATIVE CITIZENS, a Not-for-profit corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Cause No.: 4:06-CV-453-CDP |
| MAPLEWOOD CITY LIBRARY, a municipal corporation, CITY OF UNIVERSITY CITY PUBLIC LIBRARY, A municipal corporation, VALLEY PARK COMMUNITY LIBRARY, a municipal Corporation, and FESTUS CITY LIBRARY, a municipal corporation, | ) ) ) ) ) ) ) ) ) | JURY DEMAND REQUESTED |
| Defendants. | ) | |

### DEFENDANT VALLEY PARK COMMUNITY LIBRARY'S ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW defendant Valley Park Community Library ("Defendant") by and through its undersigned attorneys, Charles E. Reis, IV and Brown & James, P.C., and for its Answer to Plaintiffs' Complaint, states as follows:

### JURISDICTION, VENUE AND FACTS COMMON TO ALL COUNTS

1. Defendant admits the allegations in paragraph 1 of Plaintiffs' Complaint.

2. Defendant is without specific information to admit or deny the allegations in paragraph 2 of Plaintiffs' Complaint, and therefore, denies the same.

3. Defendant is without specific information to admit or deny the allegations in paragraph 3 of Plaintiffs' Complaint, and therefore, denies the same.

4. Defendant is without specific information to admit or deny the allegations in paragraph 4 of Plaintiffs' Complaint, and therefore, denies the same.

5. Defendant is without specific information to admit or deny the allegations in paragraph 5 of Plaintiffs' Complaint, and therefore, denies the same.

6. Defendant admits the allegations in Paragraph 6 of Plaintiffs' Complaint.

7. Defendant is without specific information to admit or deny the allegations in paragraph 7 of Plaintiffs' Complaint, and therefore, denies the same.

8. Defendant admits that Valley Park Community Library offers the availability of internet terminals to its patrons, subject to the limitations of and compliance with the Federal Children's Internet Protection Act and any other applicable federal, state or local mandates. Defendant denies the remaining allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Defendant admits that Valley Park Community Library has filters to comply with the Federal Children's Internet Protection Act on its computer terminals made available to the public, and adult patrons could have been allowed access to the Council of Conservative Citizens' website.

10. Defendant admits that the Valley Park Community Library at one time blocked limited sites, including the Council of Conservative Citizens' website, but adult patrons could have been allowed access to the Council of Conservative Citizens' website. Further, Valley Park Community Library denies that such sites are currently blocked on its computer terminals. Defendant is without specific information to admit or deny the remaining allegations in paragraph 10 of Plaintiffs' Complaint, and therefore, denies the same.

11. Defendant is without sufficient information to admit or deny the allegations in paragraph 11 of Plaintiffs' Complaint, and therefore, denies the same.

12. Defendant is without sufficient information to admit or deny the allegations in paragraph 12 of Plaintiffs' Complaint, and therefore, denies the same.

13. Defendant is without sufficient information to admit or deny the allegations in paragraph 13 of Plaintiffs' Complaint, and therefore, denies the same.

14. Defendant admits that when Valley Park Community Library used a filter, it initially blocked patrons access to the website of the Council of Conservative Citizens, but denies that the website is currently blocked. Defendant is without specific information to admit or deny the remaining allegations in paragraph 14 of Plaintiffs' Complaint, and therefore, denies the same.

15. Defendant is without specific information to admit or deny the allegations in paragraph 15 of Plaintiffs' Complaint, and therefore, denies the same.

16. Defendant is without specific information to admit or deny the allegations in paragraph 16 of Plaintiffs' Complaint, and therefore, denies the same.

17. Defendant is without specific information to admit or deny the allegations in paragraph 17 of Plaintiffs' Complaint, and therefore, denies the same.

18. Defendant is without specific information to admit or deny the allegations in paragraph 18 of Plaintiffs' Complaint, and therefore, denies the same.

19. Defendant admits the allegations in paragraph 19 of Plaintiffs' Complaint.

20. Defendant is without specific information to admit or deny the allegations in paragraph 20 of Plaintiffs' Complaint, and therefore, denies the same.

## COUNT I

21. Defendant denies the allegations in paragraph 1 of Count I of Plaintiffs' Complaint.

22. Defendant denies the allegations in paragraph 2 of Count I of Plaintiffs' Complaint.

23. For further answer and affirmative defense, Defendant states that Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

24. For further answer and affirmative defense, Defendant states that Plaintiffs' Complaint is barred by the Doctrine of Qualified Immunity.

25. For further answer and affirmative defense, Defendant states that Plaintiffs' Count I alleges no constitutional violation sufficient to state a cause of action.

26. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that Plaintiffs' First Amendment rights were never violated in that adult patrons could have been allowed access to the Council of Conservative Citizens' website.

27. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that Plaintiffs Gordon Baum and the Council of Conservative Citizens lack standing to bring this action.

28. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that Plaintiffs' Count I is moot, as the Council of Conservative Citizen's Website is no longer blocked by filters used to comply with the Federal Children's Internet Protection Act, and Plaintiffs' website is now accessible on computer terminals open to the public.

29. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that any internet filters are in place to ensure compliance with the Federal Children's Internet Protection Act.

30. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that the information contained on the Council of Conservative Citizens' website is harmful to children.

31. For further answer and affirmative defense, Defendant states that the computer terminals are not a traditional or designated public forum.

32. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that Plaintiffs' claim is barred because Plaintiffs have unclean hands.

33. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that this claim is barred in whole or in part by the doctrine of laches.

WHEREFORE, having fully answered Count I of Plaintiffs' Complaint, Defendant Valley Park Community Library prays this count be dismissed, together with its costs herein expended.

## COUNT II

34. Defendant denies the allegations in paragraph 1 of Count II of Plaintiffs' Complaint.

35. Defendant denies the allegations in paragraph 2 of Count II of Plaintiffs' Complaint.

36. Defendant denies the allegations in paragraph 3 of Count II of Plaintiffs' Complaint.

37. For further answer and affirmative defense, Defendant states that Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

38.     For further answer and affirmative defense, Defendant states that Plaintiffs' Complaint is barred by the Doctrine of Qualified Immunity.

39.     For further answer and affirmative defense, Defendant states that Plaintiffs' Count II alleges no constitutional violation sufficient to state a cause of action.

40.     For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that Plaintiffs' First Amendment rights were never violated in that adult patrons could have been allowed access to the Council of Conservative Citizens' website.

41.     For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that Plaintiffs Gordon Baum and the Council of Conservative Citizens lack standing to bring this action.

42.     For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that Plaintiffs' Count II is moot, as the Council of Conservative Citizen's Website is no longer blocked by filters used to comply with the Federal Children's Internet Protection Act, and Plaintiffs' website is now accessible on computer terminals open to the public.

43.     For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that any internet filters are in place to ensure compliance with the Federal Children's Internet Protection Act.

44.     For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that the information contained on the Council of Conservative Citizens' website is harmful to children.

45.     For further answer and affirmative defense, Defendant states that the computer terminals are not a traditional or designated public forum.

46. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that Plaintiffs' claim is barred because Plaintiffs have unclean hands.

47. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that this claim is barred in whole or in part by the doctrine of laches.

48. For further answer and affirmative defense, Defendant states that Plaintiffs are not entitled to a preliminary injunction because they are not likely to prevail on the merits of this case.

49. For further answer and affirmative defense, Defendant states that Plaintiffs are not entitled to a preliminary injunction because they will not suffer irreparable harm if a preliminary injunction is not awarded.

50. For further answer and affirmative defense, defendant states that Plaintiffs are not entitled to a preliminary injunction as the harm to Defendant that would be created by the award of such an injunction greatly outweighs any alleged benefit to Plaintiffs in awarding the injunction.

WHEREFORE, having fully answered Count II of Plaintiffs' Complaint, Defendant Valley Park Community Library prays this count be dismissed, together with its costs herein expended.

## **COUNT III**

51. Defendant denies the allegations in paragraph 1 of Count III of Plaintiffs' Complaint.

52. Defendant denies the allegations in paragraph 2 of Count III of Plaintiffs' Complaint.

53. Defendant denies the allegations in paragraph 3 of Count III of Plaintiffs' Complaint.

54. For further answer and affirmative defense, Defendant states that Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

55. For further answer and affirmative defense, Defendant states that Plaintiffs' Complaint is barred by the Doctrine of Qualified Immunity.

56. For further answer and affirmative defense, Defendant states that Plaintiffs' Count III alleges no constitutional violation sufficient to state a cause of action.

57. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that Plaintiffs' First Amendment rights were never violated in that adult patrons could have been allowed access to the Council of Conservative Citizens' website.

58. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that Plaintiffs Gordon Baum and the Council of Conservative Citizens lack standing to bring this action.

59. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that Plaintiffs' Count III is moot, as the Council of Conservative Citizen's Website is no longer blocked by filters used to comply with the Federal Children's Internet Protection Act, and Plaintiffs' website is now accessible on computer terminals open to the public.

60. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that any internet filters are in place to ensure compliance with the Federal Children's Internet Protection Act.

61. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that the information contained on the Council of Conservative Citizens' website is harmful to children.

62. For further answer and affirmative defense, Defendant states that the computer terminals are not a traditional or designated public forum.

63. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that Plaintiffs' claim is barred because they have unclean hands.

64. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that this claim is barred in whole or in part by the doctrine of laches.

65. For further answer and affirmative defense, defendant states that Plaintiffs are not entitled to a permanent injunction because they will not suffer irreparable harm if injunctive relief is not granted.

66. For further answer and affirmative defense, defendant states that Plaintiffs are not entitled to a permanent injunction as the harm to Defendant that would be created by the award of such an injunction greatly outweighs any alleged benefit to Plaintiffs in awarding the injunction.

WHEREFORE, having fully answered Count III of Plaintiffs' Complaint, Defendant Valley Park Community Library prays this count be dismissed, together with its costs herein expended.

## JURY DEMAND

Defendant Valley Park Community Library demands a trial by jury.

          /s/ Charles E. Reis, IV
Charles E. Reis, IV #4151
BROWN & JAMES, P.C.
Attorneys for Defendant
VALLEY PARK COMMUNITY LIBRARY
1010 Market Street, 20th Floor
St. Louis, MO 63101
(314) 421-3400
(314) 421-3128 FAX
creis@bjpc.com

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 16th day of May, 2006, upon the following: Mr. Robert Herman, Attorney for Plaintiffs, 621 N. Skinker, St. Louis, Missouri 63130; Mr. Peter J. Dunne and Ms. Jessica L. Liss, Attorneys for Defendants Maplewood City Library and City of University City Public Library, 100 South Fourth Street, Suite 400 St. Louis, Missouri 63102.

          /s/ Charles E. Reis, IV

7939591